IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-00533-CNS-NRN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WATER SUPPLY AND STORAGE COMPANY, *in personam*,
GRAND RIVER DITCH, *in rem*,

    Defendants.

---

## ORDER

---

Before the Court is Defendants' Partial Motion to Dismiss (ECF No. 19). For the reasons set forth below, Defendants' Motion is DENIED.

### I.  BACKGROUND

This case arises from damage caused by a privately-owned irrigation ditch located on federal land.

Around 1894, Water Supply and Storage Company ("WSSC") began constructing a drainage ditch, now known as the Grand River Ditch ("GRD"), along the slopes of the Never Summer Range near what is now Rocky Mountain National Park (ECF No. 1 at 4). The GRD is located approximately 1,000 feet above the Colorado River and Kawuneeche Valley, and is 14 miles long, up to 17 feet wide, and 5 feet deep (*id*. at 2). The GRD captures snow melt and rainwater and diverts it to the Long Draw Reservoir (*id*. at 4). From there, the water flows into the

1

Cache La Poudre River and is transported to water users along the Front Range and eastern plains (*id.*).

On or around March 21, 1907, WSSC entered into a Stipulation ("1907 Stipulation") with the United States Forest Service regarding the Company's Application for Right of Way through the area for the "conduit" that would become the GRD (*id.* at 5). On July 12, 1907, the Acting Secretary of the Interior approved the map of the GRD, as was then required by statute, to provide such right of way to WSSC (*id.*).[1]

In 1915, Rocky Mountain National Park was established and added portions of the Never Summer Range to the park, where the majority of the GRD flows (*id.*).

On June 17, 2017, the culvert—the closed system and pipe structure at the top of the Lady Creek drainage—ruptured causing substantial water flow into the drainage (*id.* at 6). As a result, there was erosion and loss of vegetation at Lady Creek, erosion on the hillside surrounding the culvert, and extreme debris flow (*id.*). There was additional damage to the surrounding forest, stream, riparian, wetlands, and a pedestrian trail of Rocky Mountain National Park (*id.*).

Plaintiff United States filed a complaint on February 27, 2023, alleging that the lands and wetlands, and associated flora and fauna impacted by the rupture, are system unit resources covered by the System Unit Resource Protection Act, 54 U.S.C. § 100722 ("SURPA"). Plaintiff alleges that under § 100722(a), Defendant WSSC is liable *in personam* for past and future response costs and damages to the covered system unit resources. Plaintiff further alleges that under § 100722(b), Defendant GRD is similarly liable to the United States *in rem.* In its prayer for relief,

---

[1] In a later Stipulation dated February 25, 2000, the United States and WSSC agreed that the 1907 Stipulation remains in full force and effect and that the National Park Service is a successor-in-interest of the United States Forest Service with regard to the 1907 Stipulation (ECF No. 1 at 6).

2

Plaintiff requests three remedies: (1) entry of judgment in Plaintiff's favor against all Defendants for all costs and damages under SURPA; (2) condemnation and sale of the GRD to pay such judgment; and (3) entry of judgment in Plaintiff's favor against WSSC for all damage resulting from WSSC's use of the GRD in accordance with the 1907 Stipulation.

In response, Defendants filed a partial motion to dismiss for failure to state a claim upon which relief can be granted, in relation to Plaintiff's condemnation relief request under Fed. R. Civ. P. 71.1 and 12(b)(6). Defendants also seek dismissal of the *in rem* claim against it for failure to join indispensable parties under Fed. R. Civ. P. 12(b)(7) and 19.

## II.  LEGAL STANDARD

### A. Federal Rule of Civil Procedure Rule 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), to withstand a motion to dismiss, the dispositive inquiry is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must take all the factual allegations in the complaint as true and "view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). On a Rule 12(b)(6) motion, the court's function is "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

### B. Federal Rule of Civil Procedure Rule 12(b)(7) and Rule 19

Pursuant to Fed. R. Civ. P. 12(b)(7), a party may move to dismiss a complaint for failure to join a party under Rule 19.

In order to dismiss a case pursuant to Rule 12(b)(7), a court must find that (1) the person is a required party under Rule 19(a), (2) joinder of the party is infeasible under Rule 19(b), and (3) dismissal is appropriate. *Lebsock 7, LLLP v. Bank of Colo.*, No. 22-cv-2589-RMR-NRN, 2023 WL 6216621, at *3 (D. Colo. Sept. 25, 2023) (citation omitted).

Under Rule 19(a), a required party is one "whose joinder will not deprive the court of subject matter jurisdiction" and either: (1) the court "cannot accord complete relief" in that person's absence, or (2) disposing of the matter would impair the person's legal interests or leave an existing party subject to duplicate or inconsistent obligations. Fed. R. Civ. P. 19(a). If the party is a required party but cannot feasibly be joined to the action, the court must then decide, based on the factors set forth in Rule 19(b), whether "the action cannot 'in equity' and 'good conscience' proceed in that person's absence." *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278–79 (10th Cir. 2012) (quoting Fed. R. Civ. P. 19(b)). "The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band of Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

### III. ANALYSIS

The Court has considered Defendants' partial motion to dismiss, related briefing, the entire case file, and relevant legal authority. For the following reasons, the Court denies Defendants' motion.

### A. Dismissal pursuant to Rule 12(b)(6) for failure to comply with Rule 71.1's procedural requirements for eminent domain actions is unwarranted.

In their motion to dismiss, Defendants contend that Plaintiff's condemnation request must be dismissed from the action because condemnation is an exercise of the federal eminent domain power requiring Plaintiff to plead according to the requirements of Rule 71.1 and that Plaintiff's complaint did not conform to those pleading requirements (ECF No. 19 at 6). In response, Plaintiff argues that the dismissal for failure to comply with Rule 71.1's pleading requirements is unwarranted for two reasons: (i) the instant matter is not an eminent domain proceeding covered by Rule 71.1, and (ii) a Rule 12(b)(6) motion is not the proper vehicle for addressing remedies requested in a complaint's prayer for relief (ECF No. 24 at 5–7). The Court agrees with Plaintiff.

To begin, Plaintiff correctly observes that the claims at issue arise under SURPA and the 1907 Stipulation, not the federal eminent domain power. In particular, Plaintiff's *in rem* claim seeks the recovery of response costs and damages—a remedy expressly authorized by statute. *See* § 100722(b). Rule 71.1, however, is expressly tailored for eminent domain actions. *See* Fed. R. Civ. P. 71.1(a) ("These rules govern proceedings to condemn real and personal property by eminent domain."). Thus, Rule 71.1 is not applicable to Plaintiff's *in rem* claim provided by SURPA.

Furthermore, as Plaintiff correctly points out, the function of a Rule 12(b)(6) motion is to assess the sufficiency of a claim, not the prayer for relief. *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011); *Reininger v. Oklahoma*, 292 F. Supp. 3d 1254, 1266 (W.D. Okla. 2017). The prayer for relief is not part of the cause of action and for that reason, the Tenth Circuit has previously held that motions to dismiss are not the proper procedural vehicle to challenge requested remedies. *See, e.g.*, *Daniels v. Thomas*, 225 F.2d 795, 797 (10th Cir. 1955). Similarly,

the sole issue on a motion to dismiss is "whether the claim as stated would give the plaintiff a right to any relief, rather than to the particular relief demanded." *Cassidy v. Millers Cas. Ins. Co. of Texas*, 1 F.Supp.2d 1200, 1214 (D. Colo. 1998).

In view of these clear authorities, this Court will not address any remedies, including condemnation, in Plaintiff's prayer for relief because the focus is on whether the claims in the complaint plausibly entitle Plaintiff to relief. Notably, Defendants' motion to dismiss does not challenge the pleading sufficiency of Plaintiffs' SURPA and 1907 Stipulation claims. Accordingly, Defendants' motion as to Plaintiff's requested condemnation remedy is DENIED.

### B. Defendant WSSC's shareholders are not indispensable parties and need not be joined.

Defendants argue that if the Court declines to dismiss the condemnation remedy from this action under Rule 12(b)(6), then alternatively, it should dismiss the case under Rule 12(b)(7) for failure to join interested and necessary parties.

#### 1. The WSSC shareholders do not need to be joined because they are not required and indispensable parties under Rule 12(b)(7) and Rule 19.

Defendants assert that if Plaintiff's *in rem* claim against the GRD proceeds, it must name all of Defendant WSSC's shareholders in the complaint pursuant to Rule 19. The Court is unpersuaded.

In relevant part, Rule 19 provides that a person must be joined in an action if that person claims an interest "relating to the subject of the action" and is situated such that disposing of the action in that person's absence may "impair or impede the person's ability to protect the interest."

Fed. R. Civ. P. 19(a)(1)(B)(i).[2] If a party is required to be joined pursuant to Rule 19(a), then Rule 19(b) dictates that if joinder is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Defendants bear the burden of demonstrating that the absent party has an interest relating to the subject of the action and to show that their "ability to protect that interest will be impaired or impeded by the disposition of the suit in its absence." *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999). Additionally, several courts have held that prejudice to the relevant party's interest may be minimized if the absent party is already adequately represented in the suit. *See Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996); *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012) ("An absent party with an interest in the action is not a necessary party under Rule 19(a) 'if the absent party is adequately represented in the suit'") (citing *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992)). Furthermore, Colorado law has held that a ditch company itself is the proper party to represent its shareholders and defend civil actions. *Montrose Canal Co. v. Loutsenhizer Ditch Co.*, 48 P. 532, 533 (Colo. 1896).

In light of the foregoing standards, the Court finds that the Defendants have not met their burden and the WSSC shareholders are not required parties under Rule 19(a) because their interests will not be impaired if they are not joined in this action. The named Defendants maintain the same

---

[2] To clarify, Defendants do not argue that the WSSC shareholders are necessary parties based on the other grounds in Rule 19(a). Defendants do not argue that in the shareholders' absence, the court cannot accord complete relief among the existing parties. Rule 19(a)(1)(A). Defendants likewise do not argue that disposing of the action in the shareholders' absence may leave an existing party subject to a substantial risk of incurring otherwise inconsistent obligations because of the interest. Rule 19(a)(1)(B)(ii). Defendants' sole argument is that disposing of the action in the shareholders' absence will impair or impede their ability to protect their interests. Rule 19(a)(1)(B)(i).

7

interests as that of any WSSC shareholder, such that their interests are sufficiently protected by that representation alone. Regardless of minor varying interests, the focus of all shareholders remains the same: whether the WSSC and GRD are liable for damages to the park. WSSC is adequately representing all interests and serves to benefit its shareholders. This case does not concern allocation of the water among the shareholders but focuses on recovery of damages where the shareholders' interests are the same as the Defendants WSSC and GRD (ECF No. 24 at 12). Thus, the shareholders are not required parties.

### i. Defendants' case is distinguishable from *Jacobucci* because this case involves neither an eminent domain proceeding nor any claim brought under Colorado state law.

In arguing that this action should be dismissed under Rule 12(b)(7), Defendants assert that this Court should apply Colorado substantive law to the Rule 19 joinder analysis because of the unique organization of mutual ditch companies and the fact that federal governments look to state law in matters involving state water rights (ECF No. 19 at 9). In support of that assertion, Defendant relies on *Jacobucci v. District Court In & For Jefferson County*, 541 P.2d 667, 670 (Colo. 1975), a case in which the City of Thornton initiated a condemnation proceeding against a mutual ditch company under state law. There, the company argued that if the shareholders were not joined to the action, their ability to protect their interests, namely their water rights, would be impaired (*id*. at 391). The Colorado Supreme Court held that the shareholders of the mutual ditch company are the "real parties in interest in the condemnation action, not the corporation" and are thus the necessary and required parties to an eminent domain proceeding (*id*. at 388).

In the present action, Defendants argue that the WSSC shareholders are in the same position as the shareholders in *Jacobucci* because both have real property interests in the water

8

transported through the GRD. Defendants believe all WSSC shareholders must be independently joined in this action to be appropriately put on notice of the proceeding against them and to defend their water rights. However, Defendants' reliance on *Jacobucci* is misplaced.

As earlier discussed, the instant action arose under SURPA and the 1907 Stipulation; this case is neither an eminent domain action, nor does it arise under state law. SURPA provides for recovery to a national park, through response costs and damages, as authorized by Congress. Conversely, the statutory requirements in *Jacobucci* are state-specific. *See Ossman v. Mountain States Tel. & Tel. Co.*, 520 P.2d 738, 742 (Colo. 1974) ("Eminent domain proceedings are special statutory proceedings and are to be conducted strictly according to the procedures set out in [Colorado's] eminent domain statute"). Thus, *Jacobucci*'s holding that the shareholders in the eminent domain proceeding are required parties under Colorado state law applies only as to those special proceedings. In comparison, the *in rem* action against GRD is neither an eminent domain action nor one brought under state law. Thus, *Jacobucci*—and Colorado substantive law more generally—are inapplicable.

Pursuant to Rule 12(b)(7) and Rule 19, the Court need not address the remaining inquiry of whether joinder is feasible and whether the action should proceed among the existing parties or be dismissed. The Defendants' partial motion to dismiss will be denied in its entirety. The *in rem* claim against Defendants will proceed and Plaintiffs do not need to join the 131 WSSC shareholders.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Partial Motion to Dismiss is DENIED (ECF No. 19).

9

DATED this 16th day of November 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge